### 10458

### McMEEKIN v. WALKER ELEC. & PLUMBING CO.

#### (103 S. E. 590.)

1. APPEAL AND ERROR—PREPONDERANCE OF EVIDENCE NOT CONSIDERED.—Exceptions involving questions of preponderance of evidence to sustain verdict will not be considered on appeal.

2. MASTER AND SERVANT—ASSUMPTION OF RISK ATTENDANT UPON INCOMPETENCY OF WORKMEN HELD FOR JURY.—Whether plaintiff, a foreman, assumed the risk of being injured through the incompetency of laborers furnished him *held* for the jury.

3. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE HELD FOR JURY.—
In an action by a foreman for injuries received when incompetent
workmen moved a water pipe so as to crush his hand, instead of
moving it in the opposite direction as directed, whether plaintiff was
guilty of contributory negligence *held* for the jury.

Before MOORE, J., Richland, Fall term, 1919.    Affirmed.

Action by W. J. McMeekin against Walker Electric &
Plumbing Co. for personal injuries.    From judgment for
plaintiff, the defendant appeals.

*Mr. Frank G. Tompkins,* for appellant, cites: *Where serv-
ant undertakes to do work in a dangerous way with a safe
way at hand, knowing the risk, such risk was assumed:* 86
S. C. 69; 110 S. C. 153.

*Messrs. Barron, McKay, Frierson & McCants,* for
respondent, cite: *Master must use due care in the selection
of servants, and a servant does not assume the risk of incom-
petent fellow servants not selected with due care:* 70 S. C.
316; 63 S. C. 575; 61 S. C. 480.    *No danger or risk appar-
ent up to the moment when the carelessly selected crew
shoved the pipe forward, instead of pulling it back as
directed, and plaintiff could not be held to have assumed this
risk:* 102 S. C. 402; 107 S. C. 96; 112 S. C. 177; 98 S. E.
324.    *Act of plaintiff in placing his hand over the end of the
pipe did not amount to contributory negligence:* 87 S. C.
210.    *Appliances include persons necessary to operate
machinery.    Any violation of this duty by the master
makes an issue which is necessarily submitted to the jury:*
63 S. C. 559.    *The rigidity of the doctrine of assumption
of risk and contributory negligence are lessened by the
stress of circumstances and the emergency element present
in this case had that effect:* 82 S. C. 71; 81 S. C. 522; 87 S.
C. 214.

June 28, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

The plaintiff was foreman of a gang of laborers, laying pipe to carry water to Camp Jackson. In the gang there were a number of Porto Ricans. The work was emergency work. The plaintiff complained of the fact that workmen of his own choosing had been taken away from him and other incompetent workmen substituted. That these foreign laborers were unskilled and unsatisfactory is not denied by the witnesses. When the plaintiff ordered a section of large pipe lowered into the trench, the piping slipped and fell, and struck the pipe already in the trench. It became necessary then to inspect the pipe carefully, as even very small cracks might be made and cause a leak. The crack might appear on the inside of the pipe and not on the outside. The plaintiff brushed the dirt from the pipe to inspect it. The two ends of the pipes were about 18 inches apart. The plaintiff ordered the laborers to move the new pipe further away, and put his hand on the pipe already laid, with his fingers over the edge of the pipe. Instead of moving the pipe backward, it was shoved forward, and caught the fingers of the plaintiff and cut two of them off and injured another. For this injury the plaintiff brought this action, alleging, among other things, the employment of incompetent servants. The defendant denied negligence, and pleaded contributory negligence and assumption of risk. The defendant moved for a nonsuit at the close of the plaintiff's case. This motion was refused. There was a verdict for the plaintiff. From the judgment entered upon this verdict, the defendant appealed.

There are ten exceptions, but all of them need not be considered.   Five of the exceptions involve the question of the preponderance of the evidence, and that is a question that this Court cannot consider in this case.

There are only three questions that we can consider: 1. Was there any negligence shown?   There was abundant evidence as to the incompetency of the laborers.

2. Could a reasonable jury have concluded that the plaintiff did not assume the risk?   A reasonable jury could have so found.   The plaintiff knew that the laborers were incompetent, and called for his own gang of laborers, but this was emergency work, and the plaintiff was told that the hospitals were suffering for water while the work remained undone, and plaintiff was urged by defendant to complete the work that day with such laborers as he had.   The appellant relies upon the case of *Pollard v. Fountain Inn Oil Company*, 86 S. C. 69, 68 S. E. 132.   That case does not apply here.   In that case the place was inherently dangerous.   It was dangerous at the start, and continued to be dangerous.   In this case a change of condition was necessary to make it dangerous.   There is nothing in the evidence to show that the plaintiff had any warning that the laborers were so incompetent as to do just the reverse of the things they were ordered to do.   He had worked with them only a short while.

3. Was contributory negligence indisputably shown?   It was not.   The jury might have thought it the most natural thing in the word for a man who was inspecting the inside of a pipe, for exceedingly small defects, to do just as the plaintiff did do.   Assumption of risk and contributory negligence are affirmative defenses, and there is abundant evidence to sustain the verdict.

All exceptions are overruled, and the judgment affirmed.